**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MIGUEL MORALES CRUZ,**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, JOHN E. RIFE, MARKWAYNE MULLIN, TODD BLANCHE, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-6382** |

**O R D E R**

**AND NOW**, this 2nd day of September, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")) and Respondents' response thereto[1] (ECF No. 4), it is hereby **ORDERED** as follows:

1. The Petition is **GRANTED**.[2] The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on September 3, 2026.**

---

[1] Respondents' response to the present Petition is silent on the issue of whether it has any legal basis to oppose the release of Petitioner. As Respondents note, the U.S. Court of Appeals for the Third Circuit recently ruled on whether 8 U.S.C. § 1225(b)(2)(A) permits detention, without a bond hearing, of a noncitizen already in the United States who had previously entered without inspection. *See Buele Morocho v. Warden Phila. FDC*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). It does not. *Id.* at *5–7 (holding that § 1225(b)(2)(A) applies only to "noncitizens at the border," not to noncitizens already residing in the United States).

[2] A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

Petitioner, a native of Mexico, entered the United States in 2020. (ECF No. 1 ¶¶ 1, 18.) After entering the United States, Petitioner moved to Wilmington, Delaware, where he has

2. Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.

3. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

4. The Government is temporarily enjoined from re-detaining Petitioner until **September 10, 2026**.

5. If the Government decides to pursue re-detention of Petitioner after September 9, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

6. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under

---

established community for over five years. (*Id.* ¶¶ 19, 56.) Petitioner has no criminal history. (*Id.* ¶ 56.) On August 25, 2026, the Department of Homeland Security ("DHS") arrested Petitioner in Wilmington, Delaware, without notice or an opportunity to challenge his detention. (*Id.* ¶¶ 2, 21.) Petitioner is currently detained at the Philadelphia Federal Detention Center. (*Id.* ¶¶ 2, 22.)

Respondents assert, without further explanation, that the present Petition "appears to fall under the *Hurtado* category of cases." (ECF No. 3 at 1 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220–28 (BIA 2025)).) However, Respondents present no substantive argument in opposition to the Petition. The Government has previously sought to justify detention of noncitizens without any bond hearing under 8 U.S.C. § 1225(b)(2)(A), an argument that this Court has consistently rejected. *See, e.g.*, *A.J.V.L. v. Jamison*, No. 26-cv-4669, 2026 WL 1998866 (E.D. Pa. July 9, 2026); *Barrientos-Vanegas v. Jamison*, No. 26-cv-4146, 2026 WL 1816213 (E.D. Pa. June 23, 2026). For the reasons this Court has articulated on numerous occasions, as well as the reasoning recently announced by the Third Circuit in *Buele Morocho*, 2026 WL 2546223, the Court again rejects Respondents' apparent position (and analogy to *Hurtado*), grants the Petition, and orders Petitioner's immediate release.

8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

7. The Clerk of Court shall **MARK** this case as **CLOSED**.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**